FILED
SUPERIOR COURT
OF GUAM

2022 JAN 25 PM 4: 51

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| YUN H. YI,<br><br>                           Plaintiff,<br><br>     vs.<br><br>VALERIE V. LEE, ROBERT A. LEE, USAA CASUALTY INSURANCE COMPANY, and DOES 1-10,<br><br>                       Defendants. | Superior Court Case No. <u>CV400-21</u><br><br><br>**DECISION AND ORDER RE MOTION TO CONSOLIDATE CASES** |
| YUN H. YI,<br><br>                           Plaintiff,<br><br>     vs.<br><br>BRYAN G. DE GOMA, BARRY A. DE GOMA, USAA CASUALTY INSURANCE COMPANY, and DOES 1-10,<br><br>                       Defendants. | Superior Court Case No. <u>CV399-21</u> |

The Court here considers whether to consolidate these separate personal injury cases involving the same plaintiff, Yun H. Yi. Having reviewed the record, the parties' arguments, and the relevant laws and rules, the Court finds consolidation for discovery and trial appropriate for maximizing the efficient use of judicial and party resources, while presenting a minimal risk of juror confusion at trial.

ORIGINAL

## I. **PROCEDURAL BACKGROUND**

The Court adopts the procedural background in Yi's December 20, 2021 opposition to the motion. In general, those facts state that Yi filed two separate lawsuits on May 19, 2021. Both lawsuits concern separate vehicle accidents occurring roughly a month apart. The cases list separate defendants as the tortfeasor, though USAA Casualty Insurance Company is named as a defendant in both cases as the insurer for the alleged tortfeasors. In both cases, Yi has the same counsel and Defendants have the same counsel.

According to Defendants, Yi has produced identical medical records in discovery and seeks the same amount for economic damages.

Both matters are also assigned to this same Judge.

## II. **LAW AND DISCUSSION**

Under Guam Rule of Civil Procedure 42(a), a court may consolidate actions that involve a "common question of law or fact." These cases present a common question of fact on the question of Yi's medical condition, injuries, and damages because Yi claims that her injuries from the first accident were aggravated by the second accident. Her medical records and discovery into her injuries are therefore relevant to both cases. It would be wasteful if not confusing for the parties to conduct two sets of depositions of Yi and the same medical professionals. The Court therefore finds that a consolidated discovery process is appropriate.

Moreover, separate trials may result in inefficiencies and inconsistent results. The same physician and therapists will testify as to the same medical condition and treatments. Judicial resources favor holding a single trial in which these same witnesses testify just once. Moreover,

ORIGINAL

separate trials with verdicts rendered by different juries pose the risk of inconsistent adjudications. Accordingly, the Court therefore finds that a consolidated trial is necessary.

The efficiencies presented by a consolidated discovery process and a consolidated trial outweigh any of the other concerns raised by Yi. First, Yi claims that a consolidated trial result may violate the collateral source rule. The Court fails to see how Yi's reference to Guam's collateral source rule supports an argument against consolidation. The Guam Model Civil Jury Instruction cited by Yi instructs that the jury shall not speculate or consider any other possible sources of benefit the plaintiff may have received. The Court finds that this instruction preserves Yi's right to request that the jury award her damages that fully compensate her for the harm caused by each defendant, rather than threaten it.

Lastly, Yi points to the many factual differences associated with the separate cases, as well as the separate causes of action. The Court finds that jury instructions can address Yi's distinct claims raised in each case while avoiding the risk of inconsistent results arising from separate trials using the same evidence.

## III.    CONCLUSION AND ORDER

The Court GRANTS the Motion and consolidates these cases both for the purposes of discovery and trial.

The Scheduling Order filed in CV0400-21 now governs both cases, and all deadlines and dates in the Scheduling Order filed in CV0399-21 are hereby VACATED.

SO ORDERED this 25th day of January 2022.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**


**ORIGINAL**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
*P.C. Perez, E. Han*
*Thompson*

Date:_____Time:_____

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Peter C. Perez, Esq., Law Office of Peter C. Perez, and Edward C. Han, Esq., Law Office of
    Edward C. Han, for Plaintiff Yun H. Yi
R. Todd Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendants USAA
    Casualty Insurance Company, et al.

ORIGINAL